No. 46404.—Petition 6172–R of Moser Jewel Co. (New York).

Opinion by OLIVER, P. J. The so-called meter jewels and watch jewels in question were entered at the invoice values and were accepted by the appraiser at the port of entry. However, the collector of customs at the port of New York, based upon a circular issued out of Switzerland, filed an appeal for reappraisement which resulted in an advance in values of certain of the items of watch jewels. From the testimony of the appraiser at the port of Perth Amboy, together with that of a partner in the importing company under whose supervision entry was made, it was established that the importer applied to the appraiser for information concerning the dutiable value of these watch jewels, but that the appraiser had no information. It also appeared that neither the appraiser at Perth Amboy nor the importing company had any knowledge of the circular upon which the collector of customs at New York based the appeal, but that upon learning of such circular the importer endeavored to get all available information and submitted it to the examiner. From an examination of the entire record the court was satisfied that the entry was made without any intention to defraud the revenue or deceive the appraiser as to the value of the merchandise. The petition was therefore granted.

No. 46405.—Protests 774255–G, etc., of Harry A. Ahrens & Bros. et al. (New York).

Opinion by WALKER, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

No. 46406.—Protests 785081–G, etc., of John A. Alban & Co. et al. (New York).

Opinion by WALKER, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.